CLOSED

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CRIMINAL DOCKET FOR CASE #: <u>1:19−mj−00513−CLP−1</u>

Case title: USA v. Nader

Date Filed: 06/03/2019
Date Terminated: 06/04/2019

Assigned to: Magistrate Judge
Cheryl L. Pollak

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **George Aref Nader**<br>*TERMINATED: 06/04/2019* | represented by | **Christopher J. Clark**<br>Latham & Watkins LLP<br>885 Third Avenue<br>New York, NY 10022<br>212−906−1200<br>Fax: 212−751−4864<br>Email: <u>chris.clark@lw.com</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained*<br><br>**Virginia Foster Tent**<br>Latham & Watkins LLP<br>885 Third Avenue<br>New York, NY 10022<br>212−906−1200<br>Fax: 212−751−4864<br>Email: <u>virginia.tent@lw.com</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**<u>Pending Counts</u>**

None

**<u>Disposition</u>**

**<u>Highest Offense Level (Opening)</u>**

None

**<u>Terminated Counts</u>**

None

**<u>Disposition</u>**

**<u>Highest Offense Level<br>(Terminated)</u>**

None

**Complaints**                                    **Disposition**

18:2252A.F

**Plaintiff**

**USA**                    represented by    **Miriam Glaser Dauermann**
                                             DOJ−Crm
                                             271A Cadman Plaza East
                                             Brooklyn, NY 11201
                                             718−254−7575
                                             Email: miriam.glaser@usdoj.gov
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*
                                             *Designation: Government Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/03/2019 | 1 | | RULE 5 AFFIDAVIT/REMOVAL TO THE EASTERN DISTRICT OF VIRGINIA by USA as to George Aref Nader (Chin, Felix) (Entered: 06/04/2019) |
| 06/03/2019 | | | Arrest (Rule 5) of George Aref Nader (Chin, Felix) (Entered: 06/04/2019) |
| 06/03/2019 | 2 | | Minute Entry for proceedings held before Magistrate Judge Cheryl L. Pollak:Arraignment as to George Aref Nader (1) Count Complaint held on 6/3/2019, Initial Appearance in Rule 5(c)(3) Proceedings as to George Aref Nader held on 6/3/2019. Clerk M. Sica. AUSA Miriam Glaser present. Dft present w/ret counsel Christopher Clarke. Removal proceeding to the Eastern District of Virginia hearing held. Bail hearing set for 6/4/19 @ 2:00 pm. Temporary order of detention entered. (Log # 6/3/19 4:51−5:13.) (Chin, Felix) (Entered: 06/04/2019) |
| 06/03/2019 | 3 | | TEMPORARY COMMITMENT Issued as to George Aref Nader (Chin, Felix) (Entered: 06/04/2019) |
| 06/03/2019 | 10 | | NOTICE OF ATTORNEY APPEARANCE: Christopher J. Clark appearing for George Aref Nader (Chin, Felix) (Entered: 06/05/2019) |
| 06/04/2019 | 4 | | NOTICE OF ATTORNEY APPEARANCE: Virginia Foster Tent appearing for George Aref Nader (Tent, Virginia) (Entered: 06/04/2019) |
| 06/04/2019 | 7 | | Minute Entry for proceedings held before Magistrate Judge Cheryl L. Pollak:Bond Hearing as to George Aref Nader held on 6/4/2019, Detention Hearing as to George Aref Nader held on 6/4/2019. Clerk M. Sica. AUSA Miriam Glaser present. Dft present w/ret counsel Christopher Clark. Dfse moved to seal document #5; the court granted the motion on the record. Waiver of removal entered. Bond set @ ROR. Dft advised of the bond conditions and signed the bond. The defendant is to be held at the MDC tonight, but will be released into the custody of the FBI agents that will transport the defendant to the Eastern District of Virginia. (Log # 6/4/19 2:38−2:57; 3:11−3:17.) (Chin, Felix) (Entered: 06/05/2019) |

| 06/04/2019 | 8 | | ORDER Setting Conditions of Release as to George Aref Nader (1) ROR. Ordered by Magistrate Judge Cheryl L. Pollak on 6/4/2019. (Chin, Felix) (Entered: 06/05/2019) |
|---|---|---|---|
| 06/04/2019 | 9 | | WAIVER of Rule 5(c)(3) Hearing by George Aref Nader (Chin, Felix) (Entered: 06/05/2019) |
| 06/05/2019 | 6 | | TRANSCRIPT of Proceedings as to George Aref Nader held on June 4, 2019, before Judge Pollak. Court Transcriber: Transcription Plus II, Inc.. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request − Transcript" located under "Other Filings − Other Documents". Redaction Request due 6/26/2019. Redacted Transcript Deadline set for 7/8/2019. Release of Transcript Restriction set for 9/3/2019. (Rocco, Christine) (Entered: 06/05/2019) |

AB:MGD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

GEORGE AREF NADER,

          Defendant.

- - - - - - - - - - - - - - - - X

AFFIDAVIT IN SUPPORT OF
REMOVAL TO THE EASTERN
DISTRICT OF VIRGINIA

(Fed. R. Crim. P. 5)

No. 19-MJ-513

EASTERN DISTRICT OF NEW YORK, SS:

        Ted P. Delacourt, being duly sworn, deposes and states that he is a Special

Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law

and acting as such.

        Upon information and belief, on or about April 19, 2018, a warrant for the

arrest of the defendant GEORGE AREF NADER was issued by the United States District

Court for the Eastern District of Virginia, in connection with a felony charged in that

District.

        The source of your deponent's information and the grounds for his belief are

as follows:[1]

        1.    Upon information and belief, on or about April 19, 2018, a warrant for

the arrest of the defendant NADER was issued by the United States District Court for the

---

[1]    Because the purpose of this affidavit is to set forth only those facts necessary
to establish probable cause for removal, I have not described all of the relevant facts and
circumstances of which I am aware.

Eastern District of Virginia, in connection with a felony charged in that District. A true and correct copy of the arrest warrant is attached hereto as Exhibit A. A true and correct copy of the felony complaint is attached as Exhibit B.

2. On or about June 3, 2019, NADER arrived at John F. Kennedy International Airport on Emirates flight EK 203 from Dubai, United Arab Emirates. Upon exiting the plane, NADER presented a United States passport, no. 505987321, exp. 09/02/2024, bearing the name "George Nader," to a United States Customs and Border Protection ("CBP") officer. CBP officers had previously been alerted to the outstanding arrest warrant, and upon reviewing the passport presented by the defendant, the CBP officer accordingly detained NADER.

3. Upon reviewing NADER's passport and confirming that NADER was indeed the individual named in the Eastern District of Virginia arrest warrant, the CBP officers turned NADER over to the custody of your deponent. Your deponent is actively involved in the investigation that gave rise to the charges in the felony complaint attached hereto, and has become familiar with NADER's appearance during the course of the investigation. Moreover, your deponent compared the photograph in NADER's passport to the appearance of the defendant and determined that the photograph is of the defendant. Your deponent also spoke with law enforcement authorities in the Eastern District of Virginia to confirm that NADER was indeed the defendant named in the arrest warrant and that the arrest warrant remained outstanding. Further, NADER identified himself to your deponent as "George Nader," and provided as his home address an address known to belong to NADER.

2

WHEREFORE, your deponent respectfully requests that the defendant

NADER be removed to the Eastern District of Virginia so that he may be dealt with

according to law.

Ted P. Delacourt
Special Agent
Federal Bureau of Investigation

Sworn to before me this
3rd day of June, 2019

_____
THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

AO 442 (Rev. 01/09) Arrest Warrant

UNDER SEAL

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

UNDER SEAL

United States of America

v.

GEORGE AREF NADER

*Defendant*

Case No.  1:18-MJ- 196

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   GEORGE AREF NADER
,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☑ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

Transportation of Visual Depiction of Minors, in violation of 18 USC Section 2252(a)(1) & (b)(1).

Date:    04/19/2018

/s/   JFA
John F. Anderson
United States Magistrate Judge
*Issuing officer's signature*

City and state:    Alexandria, Virginia

Hon. John F. Anderson, U.S. Magistrate Judge
*Printed name and title*

INFORMATION
COPY ONLY
NOTICE: BEFORE ARREST, VALIDATE
THROUGH NCIC. ORIGINAL
HELD BY U.S. MARSHAL.

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____

at *(city and state)* _____

Date: _____

COPY

*Arresting officer's signature*

_____
*Printed name and title*

# EXHIBIT B

UNDER SEAL

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

UNDER SEAL

| | |
|---|---|
| United States of America<br>v. | ) )<br>) Case No. 1:18-mj- 196<br>) )<br>) )<br>) |
| GEORGE AREF NADER | ) |
| *Defendant(s)* | |

APR 1 9 2018

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 17, 2018 _____ in the county of _____ Loudoun _____ in the _____ Eastern _____ District of _____ Virginia _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sec. 2252(a)(1) and (b)(1) | Transportation of Visual Depiction of Minors |

This criminal complaint is based on these facts:

Please see attached.

☑ Continued on the attached sheet.

_Complainant's signature_

Reviewed by AUSA/SAUSA:

Jay V. Prabhu, Chief, Cybercrime Unit

Special Agent Ted P. Delacourt, FBI

_Printed name and title_

Sworn to before me and signed in my presence.

Date: _____ 04/19/2018 _____

/s/ JKA

John F. Anderson
United States Magistrate Judge

_Judge's signature_

City and state: _____ Alexandria, Virginia _____

John F. Anderson, Magistrate Judge

_Printed name and title_

UNDER SEAL

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

APR 1 9 2018

Alexandria Division

UNITED STATES OF AMERICA )
)
)
v. )                                   Case No.: 1:18-MJ-196
)
)                                      **UNDER SEAL**
)
GEORGE AREF NADER, )
Defendant. )

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Special Agent Ted P. Delacourt of the Federal Bureau of Investigation (FBI), being

duly sworn under oath, do hereby depose and state:

**INTRODUCTION**

1.      I have been employed by the FBI since September of 2004, and as a Special

Agent since September 2005. Since 2005, I have received training and experience in

interviewing and interrogation techniques, and arrest and search procedures. I was assigned as a

Special Agent in the Jacksonville Division in January 2006, where I worked counterterrorism

and intelligence-gathering operations for approximately three years. In May 2009, I was

assigned to the Washington Field Office and charged with investigating international

corruption, specifically violations of the Foreign Corrupt Practices Act (FCPA) and antitrust

violations. In January 2009, I was promoted to Supervisory Special Agent and assigned to the

Counterterrorism Division of FBI Headquarters, specifically to the National Joint Terrorism

Task Force. In August 2012, I transferred within the Counterterrorism Division to the

International Operations Section I, Continental US Unit V, where I program managed

International Terrorism investigations in the Phoenix Division. I am currently assigned to the Washington Field Office, Northern Virginia Resident Agency, Child Exploitation Task Force. Since joining the FBI, I have investigated violations of federal law.

2.     As a federal agent, I am authorized to investigate violation of laws of the United States and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States. Since September 2014, I have been assigned to investigate violations of law concerning the sexual exploitation of children, including child pornography and child sex trafficking. I have gained experience through both formal and on-the-job training in conducting these types of investigations.

3.     I am submitting this affidavit in support of a criminal complaint and arrest warrant charging the defendant GEORGE AREF NADER with Transportation of Visual Depictions of Minors, in violation of Title 18, United States Code, Section 2252(a)(1) and (b)(1).

4.     The statements contained in this Affidavit are based on my experience and background as a criminal investigator, on information provided to me by other members of the Federal Bureau of Investigation and other law enforcement officers, court records and documents, business records, interviews, publicly available information and my review of physical and documentary evidence. I have personally participated in the investigation of the offense set forth below and, as a result of my participation and review of evidence gathered in the case, I am familiar with the facts and circumstances of this investigation. Since this Affidavit is being submitted for the limited purpose of supporting a criminal complaint, I have not included every fact resulting from the investigation. I have set forth only the facts that I

believe are necessary to establish probable cause to believe the above-named defendant has violated Title 18, United States Code, 2252(a)(1) and (b)(1), as set forth herein.

## RELEVANT FEDERAL CRIMINAL STATUTES

5.      Title 18, United States Code, Section 2252(a)(1) and (b)(1) prohibits the knowing transportation of any visual depiction of minors engaging in sexually explicit conduct using any means or facility of interstate or foreign commerce or in or affecting interstate commerce by any means, including by computer, if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

6.      Under Title 18, United States Code, Section 2256(2)(A), "sexually explicit conduct" means "actual or simulated — (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person."

## STATEMENT OF PROBABLE CAUSE

7.      GEORGE AREF NADER, hereinafter "NADER," is a citizen of the United States and Lebanon. On February 27, 1991, NADER was indicted in the Eastern District of Virginia for violations of transporting child pornography, Title 18, United States Code, Section 2252(a)(1), by a federal grand jury. The indictment resulted from a seizure of child pornography at the Washington-Dulles International Airport on July 26, 1990 of two reels of video tape concealed in candy tins. On May 6, 1991, NADER pled guilty to a single violation of Section 2252(a)(1).

8.      On January 16, 2018, Search Warrant 1:18-SW-30 was sworn out in the United States District Court for the Eastern District of Virginia and signed by U.S. Magistrate Judge

Ivan D. Davis. The search warrant pertained to a matter unrelated to child pornography. The attachments to the search warrant specified the items to be searched as "the person of George Nader" and "Any baggage associated with George Nader…including but not limited to any check baggage associated with George Nader on flight EF 231 as well as any carry-on baggage, including but not limited to any briefcase, satchel, or duffel bag." The items to be seized included "Any electronic devices capable of storing, transmitting, or receiving information, including but not limited to: Cellular telephone, Tablet, Laptop…"

9.     On January 17, 2018, NADER departed Dubai, United Arab Emirates on a direct flight aboard Emirates Airlines Flight 231 and arrived the same day at Washington-Dulles International Airport in Dulles, Virginia. Washington-Dulles International Airport is located in the Eastern District of Virginia.

10.     Upon arrival at Washington-Dulles International Airport, NADER declared to an agent from the United States Customs and Border Protection he was in possession of three iPhones. NADER was later voluntarily interviewed by FBI agents regarding a matter unrelated to child pornography. At the conclusion of the interview, NADER was informed of the existence of the search warrant issued by this Court (1:18-SW-30) and the three iPhones were subsequently seized. The iPhones seized from NADER were later specifically identified as:

     a) iPhone 5 with serial number F2NJQ55RDTTN;

     b) iPhone 6 with serial number FK1QLB5PGRYD; and

     c) iPhone 7 with serial number F2LSD2XFHFY4.

11.     On January 17, 2018, Search Warrant 1:18-SC-00114 was sworn out in the United States District Court for the District of Columbia and signed by Chief U.S. District Court Judge Beryl A. Howell. The attachments to the search warrant specified the property to be searched as

4

"iPhone 5 with serial number F2NJQ55RDTTN, iPhone 6 with serial number
FK1QLB5PGRYD, iPhone 6+ with serial number F2LSD2XFHFY4."

12.     On January 18, 2018, an order was filed with the United States District Court for
the District of Columbia to correct the identification of the iPhone with serial number
F2LSD2XFHFY4 to properly reflect it as an iPhone 7.

13.     The three iPhones seized from NADER were then forensically processed pursuant
to the search warrant for a matter not involving child pornography. At the completion of the
forensic processing, the digital forensic files derived from iPhone 7 with serial number
F2LSD2XFHFY4 ("IPHONE 7 FILES") were made available to the case agent in that other
matter for review using a forensic software package specifically designed to allow investigators
to review material without risk of changing or altering the evidence.

14.     On February 12, 2018, the case agent for that other matter conducted an initial
review of the IPHONE 7 FILES for evidence unrelated to child pornography. During that
review, the case agent in that other matter uncovered multiple files which appeared to contain
child pornography. The potential child pornography matter was subsequently referred to my
office, and the case was assigned to your affiant.

15.     On March 5, 2018, the IPHONE 7 FILES were saved to a Seagate Hard Drive
Model ST3750640AS with serial Number 5QD502SH. On March 16, 2018, Search Warrant
1:18-SW-154 was sworn out in the United States District Court for the Eastern District of
Virginia and signed by US Magistrate Judge John F. Anderson. The attachments to the search
warrant specified the property to be searched as "digital forensic files derived from the iPhone 7
with serial number F2LSD2XFHFY4 seized from George Aref Nader on January 17, 2018
currently located on a Seagate Hard Drive Model ST3750640AS with serial Number 5QD502SH

that is in the custody of the Federal Bureau of Investigation in its Northern Virginia Resident Office, 9325 Discovery Boulevard, Manassas, Virginia 20109." The items to be seized included, but were not limited to, fruits, evidence, and instrumentalities of "child pornography and child erotica."

16.     Pursuant to the search warrant, your affiant conducted a review of the IPHONE 7 FILES located on a Seagate Hard Drive Model ST3750640AS with serial Number 5QD502SH. During that review, your affiant located a number of files that appear to be visual depictions of minors engaged in sexually explicit conduct, including:

a)     Video #1: The video starts with two adult females and then cuts to a prepubescent boy, approximately 7 years old, who is wearing a thawb (an ankle-length Arab garment, usually with long sleeves, similar to a robe, kaftan, or tunic). The boy lifts up the thawb exposing his penis. The boy then grabs his penis and shakes it. The boy is laughing as he does this and then drops the thawb over his privates. The video then cuts to an older male. The video has Arabic conversation from the adult females, child, and adult male. The video is 12 seconds in length.

b)     Video #2: The video starts with a young boy, approximately three years old, sitting on the floor with a small mechanical toy bunny that appears to knobbing up and down up against the boy's penis. An adult removes the toy and exposes the boy's penis. The boy reacts angrily and cries. The video is 4 seconds in length.

c)     Video #3: The video is an extended and reedited version of Video #2. The video starts with a boy, approximately three years old, sitting on the floor with a small mechanical toy bunny that appears to knobbing up and down up against the boy's penis. An adult removes the toy and exposes the boy's penis. The child reacts angrily

6

and cries. The portion of the video when the adult removes the toy, exposing the boy's penis causing him to react angrily and cry is repeated twice over. The video is approximately 13 seconds in length.

   d)   <u>Video #4</u>: The video centers on a boy approximately thirteen (13) to fourteen (14) years old seated on a wood plank floor naked from the waist down. A goat is lying before him with all four legs tied. The boy appears to penetrate the goat from behind with his penis. The goat reacts and makes noise each time the boy thrusts. The boy looks at the camera and smiles. The video is 30 seconds in length.

   e)   <u>Video #5</u>: The video centers on a boy approximately three (3) to four (4) years old in a farmyard naked from the waist down. Baby goats surround him. The boy looks at the camera before moving a few steps away. The baby goats follow. A hand from off screen reaches into frame and lifts the boy's shirt. The baby goats move in and suck on his penis. The boy looks at the camera. Laughing is heard. The video is 32 seconds in length.

   f)   <u>Video #6</u>: The video centers on a boy approximately four (4) to six (6) years old seated in a classroom with other children. The boy has the front of his pants pulled down and is masturbating. A voice calls to the boy, who turns to the camera before letting go of his penis and pulling up his pants. The video is 3 seconds in length.

   g)   <u>Video #7</u>: The video centers on three boys between the ages of six (6) and eight (8) years of age standing naked on a stage. Music plays throughout the video. Individual children approach the boys, touching the genitals of each in turn, make a gesture, and then walk away. The video is 30 seconds in length.

h)      Video #8: The video centers on a boy approximately three (3) to four (4) years old in a chicken coop naked from the waist down. The boy holds a bucket on his head while chickens surround him. After a few seconds one of the chickens pecks at the boy's penis. He cries out in pain and is let out of the chicken coop by the camera operator. The camera follows the boy. The camera operator speaks to the boy in a language other than English and films his tears. The video is 30 seconds in length.

i)      Video #9: The video centers on a boy approximately three (3) years old. The boy is seated, wearing a shirt but no pants. The boy holds a pair of pliers pointed at his genitals. Voices are heard speaking in a language other than English. The boy snaps the pliers closed on his own genitals and cries out in pain. The voices laugh. The video is 6 seconds in length.

j)      Video #10: The video centers on the nude buttocks of a boy approximately two (2) to three (3) years old. The boy is lying down on his chest. What appears to be a number pad and buttons are drawn in black ink on the boy's buttocks. A voice speaks in a language other than English and a finger presses the numbers and buttons as if the boy were an Automated Teller Machine. The boy spreads his legs and currency is removed from under the boy's penis. A child's face appears, laughing. The video is 9 seconds in length.

k)      Video #11: The video centers on a boy approximately three (3) to four (4) years old seated on a couch sharing a meal on a low table with older people. The boy reaches for something from the table and is quickly pushed onto his back on the couch. The crotch of the boy's pants splits open revealing his penis. The child begins to cry and

8

urinates all over the food on the table. The older people react. The video is 6 seconds in length.

k)   Video #12:  The video is an extended and reedited version of Video #11. The video centers on a boy approximately three (3) to four (4) years old seated on a couch sharing a meal on a low table with older people. The boy reaches for something from the table and is quickly pushed onto his back on the couch. The crotch of the boy's pants splits open revealing his penis. The child begins to cry and urinates all over the food on the table. The older people react. The video changes to black and white and proceeds in slow motion with singing in a language other than English. The reedited portion of the video when the boy's pants split revealing his penis, he cries, and urinates all over the food on the table plays twice. The video is 16 seconds in length.

## CONCLUSION

17.   Based on the foregoing, and on my training, experience, and participation in this and other investigations, I submit there is probable cause to believe that on or about January 17, 2018, in the Eastern District of Virginia, GEORGE AREF NADER transported visual depictions of minors engaged in sexually explicit conduct, in violation of Title 18, United States Code, 2252(a)(1) and (b)(1).

_____
Ted P. Delacourt
Special Agent
Federal Bureau of Investigation

Sworn to before me this 19th day
of April, 2018

_____/s/_____ _____
John F. Anderson
United States Magistrate Judge
Hon. John F. Anderson
United States Magistrate Judge
Alexandria, Virginia

## INITIAL APPEARANCE CALENDAR

Magistrate Judge : _____**Cheryl L. Pollak**_____     Date: _____**June 3, 2019**_____

Magistrate Case Number: _____**19-513M**_____     LOG #: _**4:51 - 5:13 .**_

Defendant's Name: _____**George Nader**_____

\_\_\_\_ Court appointed counsel.   ✓ Defendant retained counsel.

Defense Counsel: _**Christopher Clarke**_ CJA:\_\_ FDNY:\_\_ \_ RET: ✗

A.U.S.A. _____**Miriam Glaser**_____     Clerk : _____**M. Sica**_____

Interpreter : _____     Language: _____

\_\_\_\_ ARRAIGNMENT on Complaint held.   ✓ Government Agent Sworn

\_\_ DETENTION HEARING Held:   \_\_\_\_ Government opposed bail for reasons stated on the record.

   \_\_\_\_ Bond set at _____.   \_\_\_\_ Bond set on consent of both parties.

Defendant :  \_\_\_ released   \_\_\_ held pending satisfaction of bond conditions.

   \_\_\_\_ Defendant advised of bond conditions set by the Court and signed the bond.

   \_\_\_\_ Surety(ies) sworn, advised of bond obligations by the Court and signed the bond.

   \_\_\_\_ (Additional) surety/ies to co-sign bond by _____

   \_\_\_\_ After detention  hearing, Court orders detention in custody.   \_\_\_\_ Leave to reopen granted

✓ Temporary Order of Detention Issued.  Bail Hearing set for _**6/4/19 @ 2pm .**_

\_\_\_\_ At this time, defense counsel states on the record that the defendant does not have a bail application / package. Order of detention entered with leave to reapply to a Magistrate or to the District Court Judge to whom the case will be assigned.

\_\_\_\_ Preliminary Hearing set for:_____; or   \_\_\_\_waived by defendant

\_\_\_\_ Status Conference set for:_____ before Judge _____

\_\_\_\_ Medical memo issued.

__X__ REMOVAL (Rule 5) PROCEEDING held.  To the Eastern district of: ___Virginia___

   \_\_\_\_ Identity hearing held.  Court  \_\_\_ orders removal  \_\_\_ denies removal

   ✓ Defendant waives:  \_\_\_ identity hearing  \_\_\_ preliminary hearing

   \_\_\_\_ Identity/ Removal Hearing set for: _____

   \_\_\_\_ No bail application presented to the Court. Commitment to the District _____ entered.

Other Comments/Rulings:_____

AO 470 (Rev. 12/03) Order of Temporary Detention

# UNITED STATES DISTRICT COURT

EASTERN      District of      NEW YORK

UNITED STATES OF AMERICA

V.

Georgo Nader
*Defendant*

**ORDER OF TEMPORARY DETENTION
PENDING HEARING PURSUANT TO
BAIL REFORM ACT**

Case Number: 19.513m

Upon motion of the _____ Dyendet _____ , it is ORDERED that a

detention hearing is set for __ 6/4/19 __ * at __ 2 pm __
*Date*                  *Time*

before _____ Judge RCat _____
*Name of Judicial Officer*

BROOKLYN, NEW YORK
*Location of Judicial Officer*

Pending this hearing, the defendant shall be held in custody by (the United States marshal) (_____

(_____) and produced for the hearing.
*Other Custodial Official*

Date: 6/3/19          Judicial Officer

---

*If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the Government, or up to five days upon motion of the defendant. 18 U.S.C. § 3142(f)(2).

A hearing is required whenever the conditions set forth in 18 U.S.C. § 3142(f) are present. Subsection (1) sets forth the grounds that may be asserted only by the attorney for the Government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the Government or upon the judicial officer's own motion if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

                               Plaintiff,

     - against -

GEORGE AREF NADER,

                               Defendant.

1:19-mj-00513 (CLP)

**NOTICE OF APPEARANCE**

          PLEASE TAKE NOTICE that the following attorney appears as counsel on behalf of

Defendant George Aref Nader in the above-captioned action:

<div style="margin-left: 3em">

Virginia F. Tent
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: virginia.tent@lw.com

</div>

Dated: June 4, 2019                      Respectfully Submitted,
        New York, New York

                                       **LATHAM & WATKINS LLP**

                                       /s/ Virginia F. Tent
                                       Virginia F. Tent
                                       885 Third Avenue
                                       New York, NY 10022
                                       Tel: (212) 906-1200
                                       Fax: (212) 751-4864
                                       Email: virginia.tent@lw.com

                                       *Attorneys for Defendant*
                                       *George Aref Nader*

## MINUTE ENTRY FOR CRIMINAL PROCEEDING

BEFORE MAG. _Cheryl L. Pollak_   DATE : _6/4/2019_

DOCKET NUMBER: _19-513m_   FTR # : _2:38-2:57_
_2nd 3:11-3:17_

DEFENDANT'S NAME : _George Arey Nader_
___X___ Present   _____ Not Present   ___✓___ Custody   _____ Bail

DEFENSE COUNSEL: _Christopher Clarke (Produc Motion filed)_
_____ Federal Defender   _____ CJA   ___X___ Retained

A.U.S.A: _Miriam Glaser_   CLERK: M. Sica

INTERPRETER: _____ (Language) _____

Defendant arraigned on the: ___ indictment ____ superseding indictment ____ probation violation

____ Defendant pleads NOT GUILTY to ALL counts.

_X_ DETENTION HEARING Held. _____ Defendant's first appearance.

   _X_ Bond set at _ROR_ .
Defendant ___ released ___ held pending satisfaction of bond conditions.
   ✓ Defendant advised of bond conditions set by the Court and signed the bond.

   ____ Surety (ies) sworn, advised of bond obligations by the Court and signed the bond.

   ____ (Additional) surety/ies to co-sign bond by _____

____ After hearing, Court orders detention in custody. ____ Leave to reopen granted

____ Temporary Order of Detention Issued. Bail Hearing set for _____

___ At this time, defense counsel states on the record that the defendant does not have a bail
   application / package. Order of detention entered with leave to reapply to a Magistrate
   or to the District Court Judge to whom the case will be assigned.
____ Order of Excludable Delay/Speedy Trial entered. Start_____ Stop _____

____ Medical memo issued.

___ Defendant failed to appear, bench warrant issued.

_____ Status conference set for _____ @ _____ before Judge _____

Other Rulings: _Defense Moved to Seal Document #5; the Court granted the motion on the record. Waiver of Removal entered. The defendant is to be held at MDC tonight, but will be released into the Custody of the FBI Agents that will transport the Defendant to the Eastern District of Virginia_

**United States District Court, Eastern District of New York**

| | |
|---|---|
| UNITED STATES OF AMERICA | **ORDER SETTING CONDITIONS OF RELEASE** |
| V. | **AND APPEARANCE BOND** |

George Guy Nader , Defendant.

Case Number: 19-513m

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:

[✓] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or
[ ] Upon **Bond** executed by the defendant in the amount of $_____, and
secured by [ ] financially responsible sureties listed below and/or [ ] collateral set forth below.

### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

[ ] 1. The defendant must remain in and may not leave the following areas without Court permission: [ ] New York City; [ ] Long Island, NY; [ ] New York State; [ ] New Jersey; [ ] _____ and travel to and from this Court and the permitted areas.
[ ] 2. The defendant must avoid all contact with the following persons or entities: _____
_____.
[ ] 3. The defendant must avoid and not go to any of the following locations: _____
[ ] 4. The defendant must surrender all passports to Pretrial Services by _____ and not obtain other passports or international travel documents.
[ ] 5. The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
    [ ] a. is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;
    [ ] b. must report [ ] as directed by Pretrial Services or [ ] in person ___ times per _____ and/or [ ] by telephone ___ times per _____.
    [ ] c. must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
    [ ] d. must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
    [ ] e. is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:
        [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;
        [ ] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services,
        [ ] employment, [ ] school or training, [ ]other activities approved by Pretrial Services, [ ] _____
    [ ] curfew: restricted to home every day from _____ to _____, or [ ] as directed by Pretrial Services.
    [ ] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.
[✓] 6. Other Conditions: To be released to the custody of the Agts
To be transported to the EDNY ASAP

### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $_____ and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

    [ ] cash deposited in the Registry of the Court in the sum of $_____;
    [ ] premises located at:_____ owned by_____.
    [ ] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____.

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs. *Date*

_____Address:_____ _____
, Surety

_____Address:_____ _____
, Surety

_____Address:_____ _____
, Surety

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

_____
Signature of Defendant

Release of the Defendant is hereby ordered on 6/4 20 19

_____, US___J

Distribution:   Canary - Court    Pink - Pretrial Services    Goldenrod -Defendant

## STANDARD CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the Court, the Pretrial Services office, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.

(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(6) If the defendant fails to report as required to the Pretrial Services Agency, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.

(7) The defendant must not possess a firearm, destructive device, or other weapon.

## SPECIAL CONDITIONS OF RELEASE FOR TESTING, TREATMENT OR EVALUATION AND FOR LOCATION MONITORING

1. If the defendant fails to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.

2. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by Pretrial Services.

3. If defendant is subject to a location restriction program or location monitoring, defendant must:

 (a) stay at his/her residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.

 (b) abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the court, Pretrial Services may require use of one of the following or comparable monitoring technology: Radio Frequency (RF) monitoring; Passive Global Positioning Satellite (GPS) monitoring; Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS); Voice Recognition monitoring.

## FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order Setting Conditions of Release and Bond. The court may immediately order the amount of the bond and any Collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence defendant may receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If defendant is convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

Distribution:   Canary - Court    Pink - Pretrial Services    Goldenrod -Defendant

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| United States of America | ) | |
| v. | ) | Case No. 19-513m |
| George Arey Nader | ) | |
| *Defendant* | ) | Charging District's Case No. _____ |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* _____.

I have been informed of the charges and of my rights to:

(1)  retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)  an identity hearing to determine whether I am the person named in the charges;

(3)  production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)  a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)  a hearing on any motion by the government for detention;

(6)  request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑  an identity hearing and production of the warrant.

☑  a preliminary hearing.

☐  a detention hearing.

☐  an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my
☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: June 4, 2019

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Christopher J. Clark
*Printed name of defendant's attorney*

USMJ 4/4/19

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

United States of America

NOTICE OF APPEARANCE

-v-

Docket Number :

George Nader

Judge :

Defendant.

Date  :

PLEASE NOTICE, that I have been RETAINED by George Nader

the above named defendant.   I was admitted to practice in this district on Pro Hac Vice Motion Pending

Signature :

Print Name : Christopher J. Clark

Bar Code : CC9474

Office Address : 885 Third Ave

New York NY

Telephone # : 646-763-3225

\*\*\* NOTICE TO ATTORNEY\*\*\*

\*\*Bar Code - The attorney's initials and last four digits of the social security number must appear on all pleading.